# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BARBARA MARY GRENIER, | Case No. 24-cv-4449 (LMP/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| ST. LOUIS COUNTY and STATE OF MINNESOTA, | |
| Defendants. | |

On January 24, 2025, the Court dismissed Plaintiff Barbara Mary Grenier's complaint without prejudice after she filed a letter stating that she "[w]ould like to put a motion in to not go forward with this case, at this time." ECF No. 8 at 1. At the same time, the Court dismissed her application to proceed *in forma pauperis* ("IFP") (ECF No. 2), as moot. Shortly thereafter, Grenier filed a letter stating that she did not want voluntarily to dismiss her case but instead to stay proceedings while she found an attorney. ECF No. 11. The Court interpreted her letter as requesting that the Court reopen the case under Federal Rule of Civil Procedure 60(b), but nevertheless denied her request. ECF No. 12.

Grenier filed a notice of appeal seeking to appeal "everything," and requested to proceed IFP on appeal. ECF No. 13. A litigant who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The Court must deny IFP status if the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(1), (a)(3). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal

are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Grenier's appeal is not taken in good faith. Her notice of appeal simply states that she wants to appeal "everything," so she has therefore not demonstrated what, if any, meritorious issues she might bring on appeal. Regardless, even if the Court presumed that Grenier intended to appeal the dismissal of her case, or the Court's denial of her request to reopen the case, the Court can discern no reasonable basis for such an appeal. The Court dismissed the case without prejudice after Grenier requested to "not go forward with this case," and refused to reopen the case simply to stay any proceedings while she sought an attorney. ECF No. 8 at 1. At no point has Grenier offered the Court a good explanation for why it should expend additional judicial resources to stay a case that she has no desire or ability to move forward with at this time. Notably, if Grenier finds an attorney, and wants to continue with her claims, she can simply file a new complaint. Accordingly, the Court denies Grenier's request to proceed IFP on appeal.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Grenier's application to proceed IFP on appeal (ECF No. 14) is **DENIED**.

Dated: March 5, 2025

s/Laura M. Provinzino
Laura M. Provinzino
United States District Judge